# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MEGAN MOYER

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103; 267-273-1054

### DEFENDANTS
COUNTY OF MONTGOMERY

County of Residence of First Listed Defendant: **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Maureen Calder and Philip Newcomer

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. and 29 U.S.C. § 2601, et seq.

Brief description of cause:
HOSTILE WORK ENVIRONMENT, SEX/PREGNANCY DISCRIMINATION, AND RETALIATION; INTERFERENCE & RETALIATION

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Dec 2, 2024 | /s/ Mary Kramer |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1430 Dekalb Street, Norristown, PA 19401

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| MEGAN MOYER<br>49 Starmont Way<br>Collegeville, PA 19426 : : : : : | CIVIL ACTION NO. _____ |
| Plaintiff, : : | |
| v. : : | **JURY TRIAL DEMANDED** |
| COUNTY OF MONTGOMERY<br>One Montgomery Plaza, Ste. 800<br>P.O. Box 311<br>Norristown, PA 19404 : : : : : | |
| Defendant. : | |

---

**COMPLAINT – CIVIL ACTION**

Plaintiff Megan Moyer ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against Defendant County of Montgomery ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action contending that Defendant violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.,* and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. C.S.A. § 951, *et seq*. Specifically, Plaintiff contends that Defendant unlawfully terminated her employment on the basis of her sex and pregnancy, and in retaliation for requesting pregnancy related accommodations and/or leave in connection thereto, in violation of Title VII, as amended by the PDA, and the PHRA.

2. Plaintiff further brings this action contending that Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, by interfering with Plaintiff's FMLA leave and/or retaliating against Plaintiff for taking such leave.

## PARTIES

3. Plaintiff, Megan Moyer, is a citizen of the United States and Pennsylvania, who currently maintains a residence at 49 Starmont Way, Collegeville, PA 19426.

4. Defendant is a political sub-division of the Commonwealth of Pennsylvania classified as a county of the Second-Class A by the state legislature. Upon information and belief, Defendant has a registered business address One Montgomery Plaza, Ste. 800, Norristown, PA 19404.

5. Plaintiff was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the protections of Title VII, as amended by the PDA, and the FMLA.

6. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

7. On or about June 2021, 2023, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2023-06127. Plaintiff's EEOC Charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

8. On November 19, 2024, Plaintiff received a Notice of Right to Sue from the U.S. Department of Justice Civil Rights Division regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

9. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

10. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

11. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.*, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, as those claims arise out of the same common nucleus of operative facts as her federal claims.

14. The venue in this district is proper to 28 U.S.C. § 1391, as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTS

15. Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16. On or about May 7, 2018, Plaintiff began working for Defendant in the position of Health Inspector and/or Environmental Health Specialist.

17. By way of background, in 2022, Plaintiff required maternity leave for her first pregnancy, and a general leave of absence for her husband's serious health condition; totaling seven (7) months of leave under both the Family Medical Leave Act ("FMLA") and an approved general leave of absence.

18. Plaintiff returned to work in or around September 2022.

19. Notably, while on the aforementioned leave, Defendant's management would remark to its employees that they did not think Plaintiff would return to work.

20. Furthermore, despite providing a return-to-work date, Defendant's supervisors frequently contacted Plaintiff while on medical and/or maternity leave, asking if and/or when she would return to work.

21. Shortly after her return to work in September 2022, Plaintiff notified Defendant of her second pregnancy; Defendant responded to Plaintiff's pregnancy with shock.

22. In or around the week of January 9, 2023, Plaintiff contacted Defendant's Human Resources ("HR") Representative, Megan Brown ("Ms. Brown"), via email.

23. In her email, Plaintiff notified Ms. Brown of her need for maternity leave beginning on or about May 4, 2023.

24. Specifically, Plaintiff asked Ms. Brown how much time she had remaining after the previously used medical and/or maternity leave from 2022.

25. On or about January 13, 2023, Ms. Brown replied to Plaintiff's email, "I will look into this."

26. It should be noted that it is a policy of Montgomery County that employees receive six (6) weeks of paid maternity leave as well as ongoing employee benefits throughout unpaid leave; employees are responsible for contributing to their benefit plan what would normally be deducted from their paycheck while out on unpaid leave.

27. On or about January 17, 2023, just four (4) days after her email exchange with Ms. Brown, Plaintiff was abruptly terminated from employment by Defendant's Environmental Field Services Supervisor, Joseph Coyle ("Mr. Coyle"), Director of Environmental Field Services, Pam Lawn ("Ms. Lawn"), and Deputy Administrator Programs, Jae Kim ("Mr. Kim").

28. When Plaintiff asked why she was being terminated, Ms. Lawn stated it was due to a discrepancy on a health inspection report, but would not state what the discrepancy was, or on which report they found a discrepancy.

29. Instead, when Plaintiff asked Ms. Lawn to elaborate, Ms. Lawn informed her that she would need to speak with HR for further information.

30. However, upon contacting Ms. Brown for the reason she was terminated, Ms. Brown advised Plaintiff that HR only processes the paperwork but is not provided with and/or made aware of the reason.

31. At the time of her termination, Plaintiff was: (1) pregnant and Defendant knew she was pregnant; (2) qualified for her position with Defendant; and (3) suffered an adverse employment decision.

32. As such, and upon information and belief, there was a nexus between the adverse action and her pregnancy given the fact Plaintiff notified Ms. Brown of her need for maternity leave on January 9, 2023, and was then abruptly terminated on January 17, 2023.

33. Based on the foregoing, Plaintiff believes that Defendant's alleged reasons for her termination were pretextual, and that Defendant's actual reasons were because of her sex and pregnancy, and in retaliation for her request(s) for pregnancy related accommodations and/or leave in connection thereto, in violation of Title VII, as amended by the PDA, and the PHRA.

34. Additionally, it is believed and averred that Defendant interfered with Plaintiff's FMLA rights/benefits and discriminated against Plaintiff, subjected her to a hostile work environment, and terminated her from employment in retaliation for taking FMLA leave.

35. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, and earnings potential.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e, *et seq.*
## HOSTILE WORK ENVIRONMENT, DISCRIMINATION, AND RETALIATION

36. Paragraphs 1 through 35 are hereby incorporated by reference as though the same were fully set forth at length herein.

37. Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

38. Plaintiff is a woman, making her a member of a class protected under Title VII from unlawful discrimination because of sex and pregnancy.

39. Plaintiff was qualified for her position with Defendant.

40. Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's sex and pregnancy, and in retaliation for her request(s) for pregnancy related accommodations and/or leave in connection thereto, in violation of Title VII.

41. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her sex and pregnancy, in violation of Title VII.

42. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

43. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

44. As a result of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion, benefits, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interests in an appropriate amount; and

E. Such other further relief as is just and equitable under the circumstances.

## COUNT II
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended by the PREGNANCY DISCRIMINATION ACT 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 2000e(k), *et seq.*
### HOSTILE WORK ENVIRONMENT, DISCRIMINATION, AND RETALIATION

45. Paragraphs 1 through 44 are hereby incorporated by reference as though the same were fully set forth at length herein.

46. Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

47. Plaintiff is a member of a class protected under Title VII, as amended by the PDA, from unlawful discrimination because of sex and pregnancy.

48. Defendant knew Plaintiff was pregnant because in or around the week of January 9, 2023, Plaintiff contacted Defendant's Human Resources ("HR") Representative, Megan Brown ("Ms. Brown"), via email, and notified Ms. Brown of Plaintiff's need for maternity leave beginning on or around May 4, 2023.

49. Plaintiff was qualified for her position with Defendant.

50. Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's sex and pregnancy, and in retaliation for her request(s) for pregnancy related accommodations and/or leave in connection thereto, in violation of Title VII, as amended by the PDA.

51. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her sex and pregnancy, in violation of Title VII, as amended by the PDA.

52. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

53. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

54. As a result of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion, benefits, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

    A.    Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

    B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

    C.    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

    D.    Pre-judgment interests in an appropriate amount; and

    E.    Such other further relief as is just and equitable under the circumstances.

### COUNT III
### FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2601, *et seq.*
### INTERFERENCE & RETALIATION

55. Paragraphs 1 through 54 are hereby incorporated by reference as though the same were fully set forth at length herein.

56. Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of (20) or more calendar weeks in 2022, 2021, and 2020.

57. Plaintiff was an eligible employee under the FMLA and was entitled to twelve (12) weeks of unpaid leave in connection with her pregnancy.

58. Defendant willfully interfered with Plaintiff's FMLA rights by terminating her employment when she inquired about her eligibility for maternity leave under the FMLA.

59. Defendant willfully retaliated against Plaintiff for having previously exercised her FMLA rights during her first pregnancy and for her husband's serious health condition by subjecting her to discriminatory treatment upon her return to work and by terminating her employment.

60. The aforementioned actions of the Defendant constitute interference and retaliation under the FMLA.

61. As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

   A. Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

   B. Liquidated damages;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

E. Pre-judgment interests in an appropriate amount; and

F. Such other further relief as is just and equitable under the circumstances.

## COUNT IV
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *et seq.*
## SEX & PREGNANCY DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION

62. Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63. Plaintiff is woman, making her a member of a class protected under the PHRA from unlawful discrimination because of sex and pregnancy.

64. Defendant knew Plaintiff was pregnant because in or around the week of January 9, 2023, Plaintiff contacted Defendant's Human Resources ("HR") Representative, Megan Brown ("Ms. Brown"), via email, and notified Ms. Brown of Plaintiff's need for maternity leave beginning on or around May 4, 2023.

65. Plaintiff was qualified for her position with Defendant.

66. Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's sex and pregnancy, and in retaliation for her

request(s) for pregnancy related accommodations and/or leave in connection thereto, in violation of the PHRA.

67. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her sex and pregnancy, in violation of the PHRA.

68. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

69. Because of Defendant's unlawful acts, Plaintiff suffered damages of, among other things, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

70. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/*Mary Kramer*
Mary Kramer, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com
*Counsel for Plaintiff*

Dated:   December 2, 2024

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.